## SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| HUMBERTO MIGA, | Case No.: ST-19-CV-_____ |
| Plaintiff, | |
| v. | ACTION FOR DAMAGES |
| JARED R. JAMIS, | |
| Defendant. | JURY TRIAL DEMANDED |

### COMPLAINT

COMES NOW Plaintiff HUMBERTO MIGA, by and through his counsel, Ryan W. Greene, Esq., and hereby files his Complaint against Defendant JARED R. JAMIS and states as follows:

1. This Court has jurisdiction of the subject matter pursuant to 4 V.I.C. § 76.

2. Venue is proper in the District of St. Thomas/St. John as the events and collision complained of herein occurred on St. Thomas, U.S. Virgin Islands.

3. Plaintiff Humberto Miga ("Plaintiff") is a resident and citizen of St. Thomas, U.S. Virgin Islands.

4. Defendant Jared R. Jamis is a resident of Wichita, Kansas, but was living on the Island of St. Thomas on the May 12, 2019 when he caused the accident complained of that forms the basis for this lawsuit.

5. On May 12, 2019 at approximately 3:00 p.m., Plaintiff was traveling west while operating his 2007 Nissan Altima on Frenchman's Bay Road, Hwy. 315, in the vicinity of the Antilles School on St. Thomas, VI.



6. Defendant Jared R. Jamis was operating a 2019 Nissan Rogue while traveling east on the same road when he veered into the westbound lane and collided head on into the front of Plaintiff's vehicle, thereby causing a collision.

7. Plaintiff immediately turned his steering wheel in an effort to avoid Defendant's oncoming vehicle, but the Nissan Rogue still collided with Plaintiff's vehicle head on.

8. Following the collision, Virgin Islands Policy Officer L. Peru, PDN #1306, responded to the scene and cited Defendant Jared R. Jamis with violation of 20 VIC Title 495(a) for failure to remain as far left as possible, thereby, causing an auto collision with damages.

9. As a direct result of Defendant's negligence, Plaintiff suffered serious physical and psychological injuries, medical expenses, loss of income, property damages, loss of use of Plaintiff's vehicle, disfigurement, loss of capacity to earn income, mental anguish, pain and suffering, and loss of enjoyment of life, all of which are expected to continue into the foreseeable future.

## COUNT I
## NEGLIGENCE/GROSS NEGLIGENCE

10. The Plaintiff repeats and re-alleges all preceding paragraphs, which are incorporated herein by reference.

11. The Defendant Jared R. Jamis, was negligent, including but not be limited to:

    (a) Failing to stay in his lane of traffic and drive as far left as possible;

    (b) Failing to take proper evasive action;

    (c) Violating 20 V.I.C. 495(a), failure to remain as far left as possible, which constitutes negligence and negligence *per se*;

    (d) Operating his vehicle in a reckless and dangerous manner;

    (e) Failing to keep a proper lookout at the time of the collision and immediately preceding the collision;

    (f) Failing and neglecting to keep his vehicle under proper control and admittedly being under the influence of alcohol;

    (g) Failing to exercise due care and caution for the safety of others, specifically and including, Plaintiff Humberto Miga, by operating the company vehicle in such a manner that he failed to keep a safe distance between vehicles and, therefore, colliding into the Plaintiff's vehicle resulting in serious injuries and damages to Plaintiff; and

    (h) Committing other acts, omissions and conduct that will be shown at the trial of this matter.

11. Defendant Jared R. Jamis owed a legal duty to the Plaintiff and to others to use an ordinary degree of care in driving the vehicle that resulted in the subject collision on May 12, 2019.

12. Defendant Jared R. Jamis breached said duty owed to the Plaintiff.

13. Immediately prior to and at the time of the collision, Plaintiff's 2007 Nissan Altima was in good mechanical condition. As a further proximate result of the negligence of Defendant, as alleged herein, Plaintiff's automobile was damaged to the extent it was considered a total loss. Prior to the collision on May 12, 2019, the Blue book value of Plaintiff's vehicle was $4,970.00.

14. As a direct and proximate result of Defendant's breach and outrageous actions and gross negligence driving in the wrong lane of travel on a public roadway while under the

*H. Miga v. Jared R. Jaris*
COMPLAINT
Page 4

influence of alcohol, the Plaintiff has been damaged in amounts to be proven at trial as alleged herein.

WHEREFORE Plaintiff prays for damages as they may appear, for pre and post judgment interest, and costs and fees, and for such other relief as this court deems just and appropriate.

A TRIAL BY JURY IS DEMANDED AS TO ALL ISSUES.

Respectfully submitted,

Dated: August 9, 2019

Ryan W. Greene, Esq.
VI Bar No. 839
15-B Norre Gade
P.O. Box 1197
Charlotte Amalie, St. Thomas
U.S. Virgin Islands 00802
Telephone: (340) 715-5297
Fax: (888) 519-7138
ryan@ryan-greene.com

RECEIVED
19 AUG 16 PM 4:53
SUPERIOR COURT