# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| HUMBERTO MIGA,<br><br>Plaintiff,<br><br>v.<br><br>JARED R. JAMIS and BKD, LLP,<br><br>Defendants. | Case No.: 3:19-CV-00085<br><br><br>**ACTION FOR DAMAGES**<br><br><br>JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff HUMBERTO MIGA, by and through his counsel, Ryan W. Greene, Esq., and hereby files his First Amended Complaint against Defendants JARED R. JAMIS and BKD, LLP as follows:

1. This Court has jurisdiction of the subject matter pursuant to 28 U.S.C § 1332(a)(2).

2. Venue is proper in the District of St. Thomas/St. John as the events and collision complained of herein occurred on St. Thomas, U.S. Virgin Islands.

3. Plaintiff Humberto Miga ("Plaintiff") is a resident and citizen of St. Thomas, U.S. Virgin Islands.

4. Defendant Jared R. Jamis is a resident of Wichita, Kansas, but was living on the Island of St. Thomas and was within the scope of his employment with BKD, LLP on May 12, 2019 when he caused the accident complained of that forms the basis for this lawsuit.

5. Defendant BKD, LLP is a Missouri corporation with its principal place of operations in Springfield, MO, who, upon information, is and was the entity that employed Defendant Jared R. Jamis at all times relevant to the allegations in this complaint.

Case 3:19-cv-00085-CVG-RM Document #: 12 Filed: 03/17/20 Page 2 of 5

H. Miga v. Jared R. Jaris, 3:19-cv-00085
FIRST AMENDED COMPLAINT
Page 2

6. On May 12, 2019 at approximately 3:00 p.m., Plaintiff was traveling west while operating his 2007 Nissan Altima on Frenchman's Bay Road, Hwy. 315, in the vicinity of the Antilles School on St. Thomas, VI.

7. Defendant Jared R. Jamis was operating a 2019 Nissan Rogue while traveling east on the same road when he veered into the westbound lane and collided head on into the front of Plaintiff's vehicle, thereby causing a collision.

8. Plaintiff immediately turned his steering wheel in an effort to avoid Defendant's oncoming vehicle, but the Nissan Rogue still collided with Plaintiff's vehicle head on.

9. Following the collision, Virgin Islands Policy Officer L. Peru, PDN #1306, responded to the scene and cited Defendant Jared R. Jamis with violation of 20 VIC Title 495(a) for failure to remain as far left as possible, thereby, causing an auto collision with damages.

10. As a direct result of Defendant's negligence, Plaintiff suffered serious physical and psychological injuries, medical expenses, loss of income, property damages, loss of use of Plaintiff's vehicle, disfigurement, loss of capacity to earn income, mental anguish, pain and suffering, and loss of enjoyment of life, all of which are expected to continue into the foreseeable future.

## COUNT I
## NEGLIGENCE/GROSS NEGLIGENCE

11. The Plaintiff repeats and re-alleges all preceding paragraphs, which are incorporated herein by reference.

12. The Defendant Jared R. Jamis, was negligent, including but not be limited to:

    (a) Failing to stay in his lane of traffic and drive as far left as possible;

    (b) Failing to take proper evasive action;

    (c) Violating 20 V.I.C. 495(a), failure to remain as far left as possible, which constitutes negligence and negligence *per se*;

    (d) Operating his vehicle in a reckless and dangerous manner;

    (e) Failing to keep a proper lookout at the time of the collision and immediately preceding the collision;

    (f) Failing and neglecting to keep his vehicle under proper control and admittedly being under the influence of alcohol;

    (g) Failing to exercise due care and caution for the safety of others, specifically and including, Plaintiff Humberto Miga, by operating the company vehicle in such a manner that he failed to keep a safe distance between vehicles and, therefore, colliding into the Plaintiff's vehicle resulting in serious injuries and damages to Plaintiff; and

    (h) Committing other acts, omissions and conduct that will be shown at the trial of this matter.

13. Defendant Jared R. Jamis owed a legal duty to the Plaintiff and to others to use an ordinary degree of care in driving the vehicle that resulted in the subject collision on May 12, 2019.

14. Defendant Jared R. Jamis breached said duty owed to the Plaintiff.

15. Immediately prior to and at the time of the collision, Plaintiff's 2007 Nissan Altima was in good mechanical condition. As a further proximate result of the negligence of Defendant, as alleged herein, Plaintiff's automobile was damaged to the extent it was considered a total loss. Prior to the collision on May 12, 2019, the Blue book value of Plaintiff's vehicle was $4,970.00.

16. As a direct and proximate result of Defendant's breach and outrageous actions and gross negligence driving in the wrong lane of travel on a public roadway while under the influence of alcohol, the Plaintiff has been damaged in amounts to be proven at trial as alleged herein.

## COUNT II
### (Respondeat Superior)

17. Plaintiff repeats and re-alleges all preceding paragraphs, which are incorporated herein by reference.

18. At all times relevant hereto, Defendant R. Jamis was employed by, and was an agent, servant and/or employee of BKD, LLP.

19. The above-described acts of Defendant Jared R. Jamis were committed within the scope of his employment with Defendant BKD, LLP in that they were committed while on duty and in furtherance of the business of Defendant BKD, LLP.

20. As Defendant Jared R. Jamis's employer, Defendant BKD, LLP is responsible for the negligent acts committed by Defendant Jared R. Jamis within the scope of his employment pursuant to the doctrine of *respondeat superior*.

WHEREFORE Plaintiff prays for damages as they may appear, for pre and post judgment interest, and costs and fees, and for such other relief as this court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED AS TO ALL ISSUES.**

                                          Respectfully submitted,

Dated: January 15, 2020                 */s/ Ryan W. Greene*
                                          Ryan W. Greene, Esq.
                                          VI Bar No. 839
                                          15-B Norre Gade
                                          P.O. Box 1197
                                          Charlotte Amalie, St. Thomas
                                          U.S. Virgin Islands 00802
                                          Telephone: (340) 715-5297
                                          Fax: (888) 519-7138
                                          ryan@ryan-greene.com